UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>            Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE, et al.,<br><br>            Defendants. | CASE NO. 3:23-CV-5433-DWC<br><br>ORDER TO SHOW CAUSE |

    Plaintiff Tiffany Recinos, proceeding *pro se*, filed a Declaration and Application to Proceed *In Forma Pauperis* and Written Consent for Payment of Costs ("Application"). Dkt. 1. The Court has reviewed the Application and the proposed complaint and finds Plaintiff's case is duplicative of an earlier filed case, 3:23-cv-5183-TLF. Accordingly, the Court directs Plaintiff to show cause why this case should not be dismissed.

**I.    Background**

    Plaintiff has two social security appeals pending before this Court. On March 7, 2023, Plaintiff filed a case challenging the Commissioner of Social Security's decision to deny benefits. *See Recinos v. Comm'r of Social Security*, 3:23-cv-5183-TLF. On May 11, 2023,

Plaintiff initiated the above-captioned case pursuant to 42 U.S.C. § 405(g). Dkt. 1-2. While the proposed complaint is not a model of clarity, the Court finds this case is also challenging decisions made by the Social Security Administration. *See id*.

I.   **Discussion**

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'"

*Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (*per curiam*)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id*.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Id*. at 688 (quoting *Walton*, 563 F.2d at 70; *see also Curtis*, 226 F.3d at 138–39; *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223–24 (7th Cir. 1993)). In assessing duplicative lawsuits, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id*. at 689. "Under the first part of the duplicative action test, [t]o ascertain whether successive causes of action are the same, [a court should] use the transaction test, developed in the context of claim preclusion [and articulated in *Adams*]." *In re Consol. Salmon Cases*, 688 F. Supp. 2d 1001, 1007 (E.D. Cal. 2010) (internal quotation marks omitted). "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Morris v. Mini*, 2019 WL 3425277, at *10 (E.D. Cal. July 30, 2019) (quoting *Adams*, 487 F.3d at 689) (internal quotation marks omitted).

Here, Plaintiff is pursuing the same claims in separate cases. For example, a portion of the proposed complaint in the above-captioned case was filed in her first case, 3:23-cv-5183-TLF, on the same date. *See* 3:23-cv-5183-TLF (Dkt. 53). In both actions, Plaintiff is challenging the decision of the Social Security Commissioner under 42 U.S.C. § 405(g) The Court finds Plaintiff should not be allowed to pursue two separate actions. Therefore, Plaintiff must show cause why this case should not be dismissed as duplicative. The Court notes Plaintiff could also

seek to amend the claims in her first case or seek to have this case consolidated into 3:23-cv-5183-TLF.

## II. Conclusion

For the above stated reasons, Plaintiff is directed to show cause why this case should not be dismissed as duplicative on or before **June 5, 2023**. Failure to respond to this Court Order may result in dismissal of this action.

The Clerk of Court is directed to send a Notice of Assignment to a US Magistrate Judge and Declination of Consent Form to Plaintiff. The Clerk of Court is also directed to re-note the Application to Proceed IFP (Dkt. 1) to June 5, 2023.

Dated this 15th day of May, 2023.

David W. Christel
Chief United States Magistrate Judge